OPINION TO THE GOVERNOR.

JULY 22, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

July 22, 1960

To His Excellency, Christopher Del Sesto
Governor of the State of Rhode Island
and Providence Plantations

We have received from Your Excellency a request for our written opinion in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state upon the following question:

"Was the authority granted to the Governor by the General Assembly, relating to the calling and holding of a special election, pursuant to the provisions of said Chapters 21, 85, 86 and 88, valid in view of Section 7 of Article XXIX of the Amendments to the State Constitution?"

The legislative provisions therein referred to are chapters of the public laws enacted by the general assembly at its January session, 1960. Chapter 21 is an amendment of secs. 11, 12 and 18 of chap. 91, P. L. 1958, which created the Rhode Island industrial building authority. Chapters 85, 86 and 88 are acts authorizing the issuance of bonds and notes to provide funds for the construction of portions of the federal interstate highway system located in Rhode Island and for the construction of federal-aid primary and secondary highways.

In accordance with the requirements of section 1 of article XXXI of amendments to the state constitution, each act provided in section 1 thereof for its submission to the people. The pertinent portion of that section of the statute reads: "At a special election to be called by the governor pursuant to the provisions of section 2 hereof, or at the general election to be held on the Tuesday next after the first Monday in November, 1960, there shall be submitted to the people for their approval or rejection the following proposition * * *."

Section 2 provides: "The governor is hereby authorized to call a special election to be held on such date as he may fix, which may be the same date as that fixed for any other special election or elections, for the purpose of carrying out the provisions of section 1 of this act."

In accordance with the authority therein granted, the governor issued a "Proclamation Call and Warrant" for a special election on May 24, 1960, at which election the people approved the proposition submitted to them in each of the above-mentioned chapters. However, it has since been suggested to the governor that such approval might be held invalid on the ground that authorizing him to call the election was an unconstitutional delegation by the general assembly of its legislative power in violation of sec. 7 of article XXIX of amendments to the state constitution.

We understand from Your Excellency's covering letter of July 15, 1960 addressed to the Chief Justice that the raising of such question is preventing the consummation of certain arrangements for financing several projects of vital importance to the welfare of the state and its people. You state that in the circumstances it is urgently necessary that this question be resolved now by a written opinion of the justices of this court.

Your request came at a time when the court had adjourned in accordance with law, but on Your Excellency's assurance that there is an urgent necessity for our opinion

at this time, we have reassembled and considered the question propounded to us. After due deliberation we are unanimously of the opinion that the authority granted to the governor was valid in view of the manner in which he exercised it by calling a special election prior to the general election. The reasons for our opinion are as follows.

If read literally without reference to section 1, the language of sec. 2 of each chapter would seem to give the governor carte blanche authority to call a special election "on such date as he may fix * * *." On such a literal reading he could exercise the power delegated to him without limit. Such a delegation would be unconstitutional and therefore void. The general assembly may not thus delegate unconditionally any of its legislative power. *Opinion to the Governor in re the Constitutional Convention,* 55 R. I. 56. Consequently if this section were to be construed as expressing the dominant intention of the general assembly we would be constrained to hold that any election held thereunder would be invalid.

However, in our opinion, sec. 2 was not intended to predominate but to complement section 1. Reading those sections together in this light, the act provides that in any event submission must be made at the general election in November, but that if in the opinion of the governor an earlier date was desirable or necessary for effectively carrying out the provisions of each act he was expressly authorized to call a special election. This construction marks out a definite period of brief duration, within the life of the general assembly which enacted the law, for the governor to exercise the limited portion of the legislative power delegated to him. It needs no citation of authority to justify such a delegation by the general assembly of the legislative power delegated to it by the constitution. But see *Opinion to the Governor in re the Constitutional Convention, supra,* where a similar delegation was expressly approved.

In the present instance the governor exercised the power

delegated to him within the period marked out by the above construction as a lawful area of delegation. Therefore the special election on May 24, 1960 was a valid election and was not violative of sec. 7 of article XXIX of amendments to the state constitution.

<div align="right">

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
G. FREDERICK FROST