JOHN K. BAILEY *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

MARCH 23, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the respondent board in approving a permit for a swimming club in a residential district pursuant to sec. 5.2 of the zoning ordinance. We issued the writ and the respondent has made a return thereto duly certifying all its records and exhibits in the cause to this court for our consideration.

It appears from the return that William F. and Grace E. Bailey, husband and wife and owners of lot No. 1 on assessor's plat No. 230 situated on the southerly side of Cowesett Road, applied for and were granted a permit to use their land for a swimming club. The Northeast Realty Corp. which holds an option to purchase such land and intends to build and operate the club joined in the application for the permit. The board conducted two hearings on the application at which the petitioners here, John K. and Hazel B. Bailey, husband and wife and owners of a dairy farm adjoining the applicants' land on two sides, remonstrated against granting the application. They were supported in their remonstrance by several other landowners in the immediate neighborhood who either testified at the hearing or communicated their objections in writing.

After the hearings the board reserved decision and later decided to approve the application for the reason that the "uncontradicted testimony that the proposed club is one which renders a service that is not customarily carried on as a business" warranted such approval by virtue of sec. 5.2 of the zoning ordinance. The applicants had also sought a variance under sec. 14.2.2 of the ordinance but the board did not pass upon that ground in its decision and, therefore, we do not consider it here. They did not rely upon any specific exception in the ordinance but solely upon the special power of the board under sec. 5.2.

Section 5.2 purports to authorize certain specifically enumerated uses solely on the approval of the zoning board. It does not appear that this authority is subject to any con-

ditions or safeguards such as surround the exercise of a zoning board's jurisdiction pursuant to the requirements of the enabling act, G. L. 1956, §45-24-19, in considering an application for a variance or an exception. In other words it appears that the city council in enacting the ordinance has undertaken to confer upon the board a broad unrestricted power to allow or disallow in its discretion any of the enumerated uses.

It is because of this apparent broad grant of power that in the seventh paragraph of their petition the petitioners have challenged the validity of sec. 5.2 as follows: "The Zoning Board of Review had no jurisdiction, power or duty under the City of Warwick Zoning Ordinances or under the laws of the State of Rhode Island as found in G. L. 1956, §§45-24-1 to 21 [to] grant the application under Section 5.2 and 14.2.6 of the Warwick Zoning Ordinance for the reason that the purported authority relied upon by the Zoning Board of Review under these sections of the Ordinance is an unlawful delegation of legislative authority by the City Council of the City of Warwick in that the matters made subject to the Board's discretion under Section 5.2 are ambiguous and are not specified with sufficient clarity to properly limit the Board's powers and prerogatives as required by G. L. 1956, §45-24-13."

On our view of this contention it will not be necessary to consider the merits of the board's decision. We are clearly of the opinion that the city council was without power under the enabling act to confer any such unrestricted authority on the zoning board of review. *Flynn* v. *Zoning Board of Review*, 77 R. I. 118. The enabling act itself authorizes such boards to grant variances. G. L. 1956, §45-24-19. Power to grant any other relief may be authorized by the city council but only by way of "special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained, or where such exception is rea-

sonably necessary for the convenience or welfare of the public." G. L. 1956, §45-24-13.

In effect the grant of power in sec. 5.2 of the ordinance is an abdication by the city council of the power which the legislature delegated to it to zone the city into districts wherein certain specific uses were permitted and to provide exceptions in the ordinance under which the zoning board of review is authorized to grant relief "subject to appropriate conditions and safeguards * * *." Here, as the petitioners so well argue, there are no conditions or safeguards of any kind to limit or restrict the board's power. It is given carte blanche authority to approve or disapprove in its uncontrolled discretion. It needs no citation of authority to demonstrate that this is an invalid delegation of delegated power, but we did take the trouble to observe in *Flynn* v. *Zoning Board of Review*, 77 R. I. 118, 124, that "the legislature never intended to permit the board to be clothed with blanket authority to exercise the legislative power which had been delegated to the council by the enabling act." We have since reiterated this view in *Adams* v. *Zoning Board of Review*, 86 R. I. 396, and *Noonan* v. *Zoning Board of Review*, 90 R. I. 466, 159 A.2d 606.

The petition for certiorari is granted, the decision of the board is quashed for the special reason hereinbefore stated, and the records and exhibits certified to this court are ordered returned to the board with our decision endorsed thereon.

*Milton G. Johnson,* for petitioners.

*James R. Morriss,* City Solicitor, *James P. Quirk,* Assistant City Solicitor, for respondent.

*Ralph T. Lewis, Jr.,* for applicant.