Roger W. Sundin *et ux. vs.* Zoning Board of Review of
the City of Warwick.

MAY 12, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

Condon, C. J.  This is a petition for certiorari to review
the action of the zoning board of the city of Warwick in
granting the application of James J. Warburton and his
wife Alice G. Warburton hereinafter referred to as the ap-
plicants, for a variance from the zoning ordinance.  We is-
sued the writ and in compliance therewith the board has
certified all of its records and papers pertaining to its pro-
ceedings in the matter.

The applicants are the owners of lots Nos. 4, 135 and 148
situate on assessor's plat 378 in a Residence A-15 district.
In their application they sought an exception or variance
from the ordinance under secs. 14.2.2 and 3 thereof.  How-
ever, they now rely solely on sec. 14.2.2 the pertinent por-
tion of which reads as follows:

"To authorize upon appeal in special cases such variances in the application of the terms of the ordinance as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done."

This provision is couched substantially in the language of G. L. 1956, §45-24-19c, which expressly grants to zoning boards of review the power to grant variances from the terms of a zoning ordinance. We therefore consider the instant petition as one under the statute regardless of any other provision in the ordinance pertaining to such power.

Under the variance which they seek applicants desire permission to develop a golf course on their lots and to erect thereon a clubhouse and a 24-unit apartment house. Golf courses and clubs, "except a club where the chief activity of which is a service customarily carried on as a business," are permitted uses in a Residence A-15 district under sec. 5.2 of the ordinance, subject to the approval of the zoning board.

But in *Bailey* v. *Zoning Board of Review,* 94 R. I. 168, 179 A.2d 316, we held that insofar as this section was construed and applied to give the zoning board of review carte blanche authority in its uncontrolled discretion to approve a nonpermitted use it was an invalid delegation by the city council of power delegated to it by the legislature. We implied therein that it would be otherwise if the ordinance had prescribed appropriate conditions and safeguards to limit or restrict such delegated power. It may be that because of our decision in *Bailey* these applicants did not resort to sec. 5.2 and also probably because they wished to erect a multi-family dwelling which the ordinance prohibits anywhere in the city. In such circumstances they found it necessary to seek a variance under sec. 14.2.2 to enable them to carry out their projected development.

After a hearing at which the applicant James J. Warburton and several witnesses testified in support of the application and certain objecting landowners in the vicinity testified in opposition thereto, the board viewed the premises and the surrounding area. It concluded from the knowledge thus obtained and from the evidence at the hearing that the proposed development would not be detrimental to the surrounding area but rather it would enhance the value of neighboring property. It also expressly found that from the expert testimony on behalf of the applicants sewage disposal would be adequate and no greater traffic flow would result from the development of the premises than there would from the building thereon of 150 individual houses. In its decision it noted that the objectors had offered no counter expert testimony to disprove such showing. For those reasons it granted the variance because otherwise in its opinion the applicants would be deprived "of the full and beneficial use" of their land.

The petitioners here are neighboring landowners who objected to the application at the hearing before the board. They now contend that the decision of the board should be quashed because the record does not disclose any evidence of special conditions which would result in unnecessary hardship to the applicants from a literal enforcement of the ordinance. They argue that it was incumbent upon the applicants since they were seeking a variance to prove that unless it was granted they would lose all beneficial use of their land. They assert that the record is entirely devoid of any evidence upon which the board could base a finding that a literal enforcement of the ordinance would be confiscatory and deprive the applicants of such use of their land.

There is no question that the law is as argued by petitioners. *Denton* v. *Zoning Board of Review*, 86 R. I. 219; *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26. The respondents concede this, so that the controversy between

them is whether there is some evidence in the record which supports the board's finding that a literal enforcement of the ordinance would deprive the applicants of all beneficial use of their land.

Upon a careful perusal of the record we are clearly of the opinion that the applicants have not produced any such evidence. On the contrary, it appears that the land is suitable for the building of single-family dwellings. Applicant James J. Warburton testified to this effect. On one occasion he admitted that if sewage disposal problems could be resolved he could build over 150 houses on these lots but then he said, "I could, but I don't intend to do that now." And in answer to the question, "Is there anything in the topography of this land which would prohibit single detached houses?" he answered, "I don't think there is any part of that land that could not be built on."

It further appears from the record that the applicants applied to the planning board to subdivide their land into single-family dwelling lots and were given preliminary approval. Apparently a question concerning adequate sewage disposal facilities for the number of houses proposed to be built resulted in a delay of final approval by the appropriate authority. As a result the applicants did not pursue their plan further but decided to develop the area in the manner proposed in the pending application for a variance. This is not evidence that the land is incapable of use for single-family dwellings. Nor is it evidence tending to prove that a literal enforcement of the ordinance will deprive the applicants of all beneficial use of their land so as to amount to confiscation thereof. On the contrary, it clearly indicates that there are uses permitted under the ordinance to which the land is adapted although the use for single-family dwellings may require greater expenditure of funds to provide adequate sewage disposal facilities than would be required by the use applied for and thus result in a much less profitable use. However, that the applicants would thus

be deprived of the most profitable use of their land is not of itself proof of unreasonable and unnecessary hardship amounting to confiscation. *Strauss* v. *Zoning Board of Review*, 72 R. I. 107. It is our opinion, therefore, that the board's decision in the case at bar is arbitrary and illegal and must be reversed.

The petition for certiorari is granted, the decision of the board is quashed, and the records and papers certified to this court are ordered sent back to the board with our decision endorsed thereon.

*Armstrong, Gibbons & Lodge, Walter F. Gibbons, Joseph G. Kinder,* for petitioners.

*James R. Morriss, City Solicitor for City of Warwick,* for respondent.

*Archie Smith, Francis J. McElhiney,* for applicants as amici curiae.