**376 A.2d 317.**

CARMINE DEPETRILLO, JR. *et al. vs.*
GEORGE J. COFFEY *et al.*

JULY 1, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an appeal from a Superior Court judgment entered in behalf of the defendants in a case wherein the plaintiffs had sought to enjoin the defendants from interfering with their right to park their automobiles in a parking lot located in the rear of Cranston City Hall.

The plaintiffs are a group of students attending Cranston High School East. The defendants are George J. Coffey, Cranston Chief of Police, Joseph J. Picano, Cranston Superintendent of Schools, and James L. Taft, Jr., the mayor of Cranston. In a complaint filed on December 31, 1974, plaintiffs sought to enjoin defendants from preventing or restricting plaintiffs from parking their automobiles in a parking lot adjacent to Cranston City Hall, which lot is reserved for certain city employees.

On March 27, 1975, trial was held before a Superior Court justice, sitting without a jury. No transcript of the

hearing was provided on appeal.[1] However, we will consider plaintiffs' appeal since the errors complained of sufficiently appear in the record provided.

The trial justice made the following findings of fact:

"1. A portion of a block of city land on which are located the Cranston City Hall and Cranston East High School is set aside for the parking of motor vehicles.

2. At the direction of the Chief of Police, George J. Coffey, a sign was erected at the lot restricting the use of the lot to City Hall employees and Faculty employees.

3. The City Hall employees and the Faculty are issued stickers to indicate their right to use said lot.

4. Members of the Cranston Police Department tag other vehicles requiring the recipient to pay a $2 fine; and that if the fine is not paid the vehicle owner is summoned into court.

5. The defendant Coffey caused the use of the parking lot to be restricted under the authority of §17-70 of the Cranston Municipal Code, which reads as follows:

> The Chief of Police is hereby authorized to regulate the parking of vehicles in the parking area at the rear of the Cranston City Hall and to divide said area into parking spaces and traffic lanes. It shall be unlawful for the operator of a vehicle to stop, stand or park such vehicle in said area, except in spaces designated for parking.

6. The plaintiff students of Cranston East High School vis-à-vis the City Hall employees and the High School Faculty are in different classifications inso-

---

[1]Ordinarily failure to provide a transcript would preclude review by this court. *State* v. *Jennings,* 117 R. I. 291, 366 A.2d 543 (1976). However, in this case plaintiff apparently accepts the trial justice's findings of fact but argues that the trial justice misconceived the law applicable to these facts. In such a case failure to file a transcript does not deprive plaintiff of review if the complained errors of law sufficiently appear in the record. *Sormanti* v. *Deacutis,* 77 R. I. 507, 77 A.2d 919 (1951).

far as provision is made for nearby parking on city-owned property.

7. The classification between the aforesaid groups is valid, is not unreasonable or arbitrary and has a reasonable relation to the persons dealt with, and the public purposes sought to be served by the parking lot restrictions."

In Superior Court, plaintiffs argued as follows:

(1) That restricting parking to city hall and faculty employees violates the equal protection clause of U.S. Const. amend. art. XIV, §1 in that it discriminates against school students;

(2) That §17-70 of the Cranston Municipal Code is ultra vires in that it deprives plaintiffs of liberty without due process of law;

(3) That §17-70 exceeds the authority granted to the city of Cranston under R.I. Const. art. IV, §2;

(4) That the placing of a sign in the parking ground did not establish a properly promulgated regulation;

(5) That §17-70 is invalid in that it is an exercise of legislative power without appropriate standards, criteria and limitations.

The trial justice in his decision rejected each of plaintiffs' arguments. Before us on appeal, plaintiffs make the same arguments as they made in Superior Court.

The plaintiffs argue that §17-70 of the Cranston Municipal Code is invalid in that it is an exercise of legislative power without appropriate standards, criteria and limitations. The question to be decided by this court is whether §17-70, which defendants contend authorizes the chief of police to designate classes of persons entitled to park in the lot, is an impermissible delegation of legislative authority.

Town councils and city councils in this state may enact ordinances "for the well ordering, managing and directing of the prudential affairs and police of their respective

towns," as long as such ordinances are not repugnant to the constitution and laws of the state or of the United States. General Laws 1956 (1970 Reenactment) §45-6-1. It appears therefore that §17-70 was enacted pursuant to legislative power delegated by the General Assembly to the Cranston City Council.

The General Assembly may not unconditionally delegate any of the legislative power and any attempt to delegate such legislative power is unconstitutional and void. *City of Warwick* v. *Warwick Regular Firemen's Ass'n,* 106 R.I. 109, 256 A.2d 206 (1969); *Opinion to the Governor,* 91 R.I. 346, 162 A.2d 802 (1960). The General Assembly may however delegate portions of its legislative power if that delegation is limited by standards sufficient to confine the exercise of power for the purpose for which the delegation was made. *City of Warwick* v. *Warwick Regular Firemen's Ass'n, supra; see State* v. *Storms,* 112 R.I. 121, 308 A.2d 463 (1973).

The General Assembly may delegate to municipal corporations and to their proper officers or boards all powers, legislative or otherwise, which are incidental to municipal government and of purely local concern. 16 C.J.S. *Constitutional Law* §140(b)(1) at 652-53 (1956).

The exercise of such legislative power by municipal authorities rests on the same principles and is controlled in the same way as the legislative power of the state and the prohibitions against delegation of municipal legislative authority are substantially the same as those prohibiting the delegation of state legislative authority. 62 C.J.S. *Municipal Corporations* §154(b) at 316 (1949).

The question presented for our determination is not whether the Cranston City Council was empowered to delegate a portion of its legislative power to the chief of police but whether, in assigning that authority, the city council prescribed standards which clearly and reasonably

limit the exercise of the assigned authority to the public safety and welfare sought to be served. *State* v. *Storms, supra; State ex rel. Colvin* v. *Lombardi,* 104 R.I. 28, 241 A.2d 625 (1968).

Legislative power necessarily involves discretion as to what the law shall be and must be distinguished from the administration of the law. While the Legislature may not delegate the exercise of what the law shall be, it may confer discretion as to the administration of the law. 16 C.J.S. *Constitutional Law* §133 at 558 (1956). Here, the chief of police designated classes of persons entitled to use the lot without any conditions or standards being imposed. Such power is legislative in nature and cannot be delegated without proper conditions or standards being imposed by the city council. Since there are no standards to guide the chief of police in determining what classes of persons are to be allowed to park in the lot, we are of the opinion that the city council was without power to confer any such unrestricted authority on the chief of police. *See Bailey* v. *Zoning Bd. of Review,* 94 R.I. 168, 179 A.2d 316 (1962); *Flynn* v. *Zoning Bd. of Review,* 77 R.I. 118, 73 A.2d 808 (1950).

We hold therefore that §17-70 of the Cranston Municipal Code is unconstitutional, void and invalid because of the failure of the city council to include proper standards or limitations on the power delegated to the chief of police.

In the light of our conclusion with respect to the city council's failure to include standards or limitations in the ordinance, we do not reach and do not determine the other issues raised by the plaintiffs.

The plaintiff's appeal is sustained, the judgment appealed from is vacated and the case is remanded to the Superior Court for the entry of judgment for the plaintiffs.