David RISEBERG d/b/a Benoit's News and Variety

v.

CITY OF CENTRAL FALLS, et al.

83–497–Appeal.

Supreme Court of Rhode Island.

April 1, 1986.

Howard L. Feldman, Chisholm & Feldman, Providence, for plaintiff.

Raymond Cooney, Central Falls, for defendant.

## OPINION

SHEA, Judge.

This matter is before us on appeal from a judgment of the Superior Court denying the plaintiff's application for injunctive relief and all other relief requested. The plaintiff, David Riseberg, sought to enjoin the city of Central Falls (defendant) from prohibiting the operation of video machines at his place of business. The city had denied his application for a license to operate the machines.

The plaintiff is the proprietor of a small establishment in Central Falls, Rhode Island. As part of his business, plaintiff is licensed to sell Rhode Island lottery tickets. In addition, plaintiff sells newspapers and other miscellaneous merchandise to the public. The plaintiff also has three coin-operated video games on the premises.

In 1982 the Legislature passed an enabling act, P.L. 1982, ch. 206, that would permit the city of Central Falls to license video-game rooms. The act set forth that "[t]he granting or refusal to grant such licenses shall be discretionary."[1] Pursuant to this enabling legislation the Central Falls City Council enacted "An Ordinance For The Licensing Of Amusement Centers And Mechanical And Electronic Amusement Devices As Amended." This ordinance defines both what constitutes an "amusement game" and the types of establishments that may apply for mechanical or electronic amusement-device licenses. The enabling legislation contains no limitations or criteria necessary for a proper delegation of legislative authority. Neither does the ordinance provide standards to guide

1. The enabling act, P.L. 1982, ch. 206, in its entirety, reads:
"AN ACT authorizing the City of Central Falls to License Video Game Rooms.
"It is enacted by the General Assembly as follows:
 Sec. 1. The city council of the City of Central Falls is hereby authorized to pass ordinances to require a license for arcades, game rooms, juke boxes and electrical and mechanical amusement devices, and to regulate their operation within said city. The city council may establish a reasonable fee for each license and the duration of the same. The city council shall also have authority to fix an appropriate penalty for violation of the city ordinance. The granting or refusal to grant such licenses shall be discretionary.
 Sec. 2. This act shall take effect upon passage."

the city in the exercise of that delegated authority.

On November 8, 1982, plaintiff applied for a video-game license pursuant to the ordinance. The application was summarily denied. The plaintiff then filed a complaint in Superior Court seeking injunctive relief and requesting a declaratory judgment finding the ordinance in violation of both the United States and Rhode Island Constitutions. The plaintiff also sought a writ of mandamus directing the Central Falls City Council to issue plaintiff a video license. On September 16, 1983, the trial justice denied plaintiff's application for injunctive relief and entered a judgment for defendants without setting forth reasons in support of said judgment, as far as the record before us discloses.

On appeal plaintiff attacks both the enabling legislation and the city ordinance on constitutional grounds. However, the procedural requirements of Rule 32(b) of the Supreme Court Rules have not been met. Rule 32(b) requires that

> "[a] party who draws in question the *constitutionality,* under the United States Constitution or the Rhode Island Constitution, *of any Act of the General Assembly* of Rhode Island in any proceeding in the Supreme Court to which the State of Rhode Island, or any agency thereof, or any officer or employee thereof, as such officer or employee, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the Supreme Court, *shall give immediate notice in writing to the Court of the existence of said question. The clerk of the Court shall thereupon certify such fact to the Attorney General of Rhode Island."* (Emphasis added.)

Because of the absence of any notice to the clerk of this court that the state enabling act was being challenged on constitutional grounds, the clerk did not give notice to the Attorney General. Therefore, the question of the constitutionality of the statute is not properly before the court.

Although we are mindful that the constitutionality of the state enabling act is not before us, our reading of that act in light of prior decisions dealing with the delegation of legislative power raises serious questions in regard to its constitutionality. *See Milardo v. Coastal Resources Management Council of Rhode Island,* 434 A.2d 266 (R.I.1981); *Davis v. Wood,* 427 A.2d 332 (R.I.1981); *DePetrillo v. Coffey,* 118 R.I. 519, 376 A.2d 317 (1977); *Jennings v. Exeter-West Greenwich Regional School District Committee,* 116 R.I. 90, 352 A.2d 634 (1976); *City of Warwick v. Warwick Regular Firemen's Association,* 106 R.I. 109, 256 A.2d 206 (1969).

For these reasons, the judgment entered below is vacated and we order this case remanded to the Superior Court for reconsideration of the constitutional issues raised and to afford the parties the opportunity to cause appropriate notice to be given to the Attorney General that the constitutionality of P.L. 1982, ch. 206, has been challenged.