DECISION
This matter is before the Court on Bruce Seveney's, d/b/a Topside Lounge (hereafter "Topside"), petition seeking declaratory judgment that two actions by the Town Council of Bristol (hereafter "Bristol"), sitting in its capacity as the local Licensing
Board, are unconstitutional. See, Uniform Declaratory Judgments Act G. L. § 9-30-1 et seq.
The basis of this action relates to Bristol's imposition of fees on Topside (as well as other liquor license holders) for the unrequested services of police officers during the town's Fourth of July festivities in 2001. Declaratory judgment is sought as to (1) whether Bristol violated Topside's constitutional rights by imposing a fee for the services of the officers on July 3, 2001, prior to the effectuation of an enabling ordinance (Ordinance #2001-26); and (2) whether that later-passed ordinance, enacted and designed to codify its past practice of imposing such fees, passes constitutional muster. Because that Ordinance expressly provides that it shall take effect upon its passage, it has no retroactive effect or application to the fees assessed in this action. Its constitutionality is therefore not relevant to the disputed fees, and this Court accordingly declines any invitation to address that issue.
 FACTS AND TRAVEL OF THE CASE
Topside is licensed by Bristol to hold a BV license.[1] On July 3, 2001, beginning at 8 o'clock p.m., the Bristol Chief of Police detailed police officers to provide unrequested security to Topside and other establishments during the Fourth of July weekend. Subsequently, the town sent Topside a $1,440.00 bill for the deployment of those officers. Topside has objected to the imposition of the fee and has resisted paying it.[2] Topside challenged the legality of the fee at hearings convened on September 12, October 3, October 24, and November 14, 2001, before the Bristol Town Council, sitting as the Liquor Licensing Board. While Topside was pursuing its challenge, the town council passed Ordinance #2001-26, which codified its practice of assigning police officers to establishments during the July Fourth celebratory weekend.
The Liquor Licensing Board ultimately denied Topside's challenges. Topside then appealed the Board's adverse decision to the Department of Business Regulation. That Department's Hearing Officer, uncertain of his jurisdiction to settle the dispute, stayed the proceedings and directed the parties to seek declaratory judgment from this Court.
Bristol contends that Chapter 5 § 5-97 of the Bristol Town Code, as well as G.L. § 3-7-7.3, together with the town's general police powers, provide it with the authority to assign police officers to establishments absent an enabling ordinance and to assess fees therefor. The Court disagrees.
Section 5-97(c) of the Bristol Town Code provides:
"The director of public safety shall determine whether and to what extent additional police protection reasonably necessary for the purposes of traffic, crowd control and security will be required for the event or entertainment. Payment of all police officers assigned or provided by the director of public safety shall be paid by the applicant according to the director's instructions." (Emphasis added.) Section 5-97 relates to the regulation of entertainment licenses, not liquor licenses. Regardless of whether Topside holds an entertainment license, the Fourth of July entertainment activities are sponsored by the town, not Topside. The record fails to show that Topside's activities were anything but its usual practice of selling alcohol and food during the Fourth of July weekend in question. Accordingly, Bristol's reliance upon this Section is unavailing.
Bristol's reliance upon G.L. § 3-7-7.3 for the authority to impose fees without an enabling ordinance is also misplaced. That statute provides:
"3-7-7.3. Class B licenses-Restriction on Entertainment-Notwithstanding any provision of this chapter or in Rhode Island general laws to the contrary, in the case of any city or town which issues any retailers Class B license in this city or town may restrict or prohibit entertainment at these licensed facilities, provided that any restriction(s) or prohibition applies uniformly to all of these licensed facilities." (Emphasis added.)
The above statute relates to entertainment in establishments which hold liquor licenses. The Fourth of July events were publicly sponsored by the town and conducted on its public streets, not within Topside's premises. Bristol can draw no support from El Marocco Club v. Richardson,746 A.2d 1228 (R.I. 2000). That matter concerned nude dancing in an establishment that served alcohol and further addressed the constitutionality of an existing ordinance. Such are not at all the facts in the instant action, and El Marocco is therefore clearly distinguishable and not applicable here.
Bristol also seeks to justify its position by pointing out that it has the authority pursuant to R.I.G.L. 1956 § 3-5-5 and § 3-5-21 to place conditions on establishments which hold liquor licenses. Such authority, however, resides in the town council, not within the employees such as the chief of police. See, DePetrillo v. Coffey et al., 376 A.2d 317
(1977) (city council, which promulgated no standards to guide chief of police in determining what classes of persons were to be allowed to park in lot restricted at rear of city hall, was without power to confer such unrestricted authority on chief of police). The town's "Police Detail Guidelines for July 3rd" do not, in this Court's view, reflect conditions or standards imposed by the city council sufficient to surmount DePetrillo's mandate. 376 A.2d at 319.
In the absence of adequate guidelines promulgated by the town council, the Bristol Chief of Police did not have the authority to regulate BV license holders by requiring them to pay fees for the deployment of officers at Topside, and having done so amounted to an impermissible exercise of police authority.
Bristol's efforts to engraft an "equitable estoppel" theory to its claim for the fees assessed is without merit. The record is devoid of any persuasive evidence that Topside somehow induced or invited the town to deploy its officers to the establishment.
 CONCLUSION
For all the foregoing reasons, this Court declares that the subject fees assessed by
Bristol on Topside were impermissibly levied. Counsel shall submit an appropriate form of judgment for entry.
[1] A "BV" license is issued to retailers serving alcohol and food in their establishments. The instant case only concerns Topside's class B license, not the victualing (food) license.
[2] By agreement of the parties, the subject funds have been deposited in an escrow account pending court resolution of this matter.