DECISION
Before this Court is Appellant Craig Marciniak's ("Appellant") Appeal from a Decision by Appellee, Employees' Retirement System of Rhode Island's ("Board," "Appellee"), denying Appellant's application for accidental disability retirement benefits pursuant to G.L. 1956 § 45-21.2-9. In its Decision, the Board denied Appellant's request for accidental disability retirement benefits after concluding that his heart condition was not the result of an identifiable incident or injury, as is required by § 45-21.2-9, nor did it constitute "occupational cancer," the only exception to the specific incident or injury requirement of § 45-21.2-9. Appellant filed the instant appeal, to which the Board objects. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 I. Facts Travel
Appellant Craig Marciniak ("Appellant") has been employed as a Cranston firefighter for over sixteen years during which time he has participated in the state retirement system.[1] After experiencing chest pains in September 2003, Appellant sought medical treatment and was *Page 2 
subsequently diagnosed with critical stenosis of his left anterior descending coronary artery. As treatment for this condition, Appellant had two stents placed in the artery. Two months later, in November 2003, Appellant resumed work as a Cranston Firefighter, though he continued to report discomfort in his chest. Three years later, Appellant sought additional medical treatment for chest pains, resulting in a third stent being placed in his right coronary artery. Appellant has been unable to return to work since this second procedure in 2006.
On October 6, 2006, as a result of his inability to work, Appellant applied to the Board for accidental disability retirement benefits pursuant to § 45-21.2-9. Three physicians conducted independent medical examinations of Appellant, and they agreed that his heart condition prevented Appellant from continuing work as a firefighter. One of the doctors declined to opine as to the cause of Appellant's condition, while the remaining two doctors concluded it was caused by the physical and emotional stress of being a firefighter, in conjunction with Appellant's family history of heart disease.
After considering his application, the Board's Disability Subcommittee denied Appellant's request for accidental disability retirement benefits. In doing so, the Disability Subcommittee noted that it did not believe Appellant's heart condition met the requirement of § 45-21.2-9, because it did not think the injury resulted from "a single identifiable accident or incident." Section 45-21.2-9. Instead, the Disability Subcommittee determined that Appellant was ineligible for accidental disability retirement benefits because his heart disease was caused by his family history and his career as a firefighter.
Appellant appealed the Disability Subcommittee's Decision to the Disability Subcommittee, which conducted a hearing on May 1, 2007. After considering Appellant's arguments, the Disability Subcommittee denied Appellant's appeal on June 8, 2007. Appellant *Page 3 
appealed this denial to the Board. The Board conducted a hearing of the matter on September 12, 2007, after which it denied Appellant's appeal and upheld the Disability Subcommittee's Decision.
Appellant filed the present appeal, arguing that the Disability Subcommittee and the Board erred in concluding that § 45-21.2-5(7) does not grant Cranston the authority to create additional exceptions to the identifiable incident or injury requirement of § 45-21.2-9. Specifically, Appellant contends that § 45-21.2-5(7) permits the Collective Bargaining Agreement ("CBA") for the City of Cranston to identify and categorize illnesses that are considered presumptively work-related and therefore eligible for accidental disability benefits. Essentially, Appellant asserts that Cranston may recognize additional exceptions, beyond the exception provided in § 45-21.2-9 for "occupational cancer". The Board objects to this Appeal, arguing that § 45-21.2-5(7) does not confer such authority to Cranston.
After reviewing the parties' memoranda, this Court requested them to consider whether the Legislature constitutionally could delegate the authority Appellant claims is conferred upon Cranston, or whether such delegation would be an impermissible delegation in violation of the Rhode Island State Constitution. Appellant asserts that the Legislature may delegate such authority because the power granted to Cranston is not unlimited. The Board disagrees, and contends that Appellant's reading of § 42-21.2-5(7) would constitute an unfettered and impermissible delegation of authority. On August 14, 2008, this Court heard oral arguments on this Appeal. *Page 4 
 II Standard of Review
Rhode Island General Laws 1956 § 42-35-15 of the Administrative Procedures Act governs the Superior Court's review of an administrative decision. The Court reviews the decision pursuant to § 42-35-15(g), which provides that
 [t]he court shall not substitute its judgment of that of the agency as to the weight of the evidence on question of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error [of] law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Section 42-35-15(g).
In reviewing the Board's decision, this Court may not substitute its own judgment as to questions of fact. Technic, Inc. v. R.I. Dep't ofEmployment and Training, 669 A.2d 1156, 1158 (R.I. 1996). Instead, the Court "must defer to the agency's determinations regarding questions of fact." Town of Burrillville v. R.I. State Labor Rel. Bd., 921 A.2d 113,118 (R.I. 2007) (internal citations omitted). As long as there is competent evidence in the record to support the Board's factual determinations, the Court must uphold the Board's Decision, even if the Court would have concluded differently. R.I. Public Telecoms. Auth. v.R.I. State Labor Relations Bd., 650 A.2d 479, 485 (R.I. 1994). *Page 5 
Further, the Court cannot substitute its judgment for that of the Board's with respect to questions of the "credibility of witnesses and the weight of evidence on questions of fact." Baker v. Dep't ofEmployment and Training Bd. of Rev., 637, A.2d 360 (R.I. 1994) (internal citations omitted). Instead, the Court simply determines "whether or not legally competent evidence exists in the record to support the agency's decision." Town of Burrillville, 921 A.2d at 188. Therefore, as to questions of fact, the Court will overturn an Agency's determination only if the record is "totally devoid of competent evidentiary support."Baker, 637 A.2d at 363.
However, the Court does review the agency's decision for errors of law. § 42-35-15(g); Carmody v. R.I. Conflict of Interest Comm'n,509 A.2d 453, 458 (R.I. 1986). The agency's findings of law are not binding on the reviewing court: the court may overturn erroneous interpretations of law by an administrative agency. Narragansett Wire Co. v.Norberg, 118 R.I. 596, 607, 376 A.2d 1, 6 (1977). Thus, when considering whether an agency's decision is erroneous, "questions of law — including statutory interpretation — are reviewed de novo." Iselin v. Ret. Bd. ofthe Employees Ret. System, 943 A.2d 1045, 1049 (R.I. 2008).
 III Analysis A Statutory Construction of § 45-21.2-5(7)
Section 45-21.2-9(a) provides that any member of the Rhode Island Retirement Plan is eligible for accidental disability retirement benefits, if the applicant is "physically or mentally incapacitated for further service as the result of an injury sustained while in the performance of duty. . . ." Section 45-21.2-9(a). Additionally, § 45-21.2-9(d) provides that any applicant who suffers from "occupational cancer" "which develops or manifests itself during a period while the *Page 6 
firefighter is in the service of the department" is eligible for accidental disability retirement benefits, despite the lack of a specific, identifiable incident or injury causing the illness. Section 45-21.2-9(d). This exception to the specific incident or injury requirement of § 45-21.2-9(a) is the only exception to this rule that has been enumerated by the Legislature.
Cranston firefighters also may apply for retirement pursuant to § 45-21.2-5(7), entitled "Retirement on Service Allowance," which provides for retirement if a member of the fire department has worked for at least twenty years. The last portion of this section also states that "any illness or injury not covered in title 45 of the general laws relating to the presumption of disability is governed by the collective bargaining agreement between the City of Cranston and members of the Cranston fire department." Section 45-21.2-5(7).
The CBA, section 24.5, entitled "Presumption of Disability," explains that:
 where an employee covered by this Agreement is disabled from performing his regular duties as a Firefighter because of a heart condition, respiratory ailment, hypertension or from any condition derived from hypertension, it shall be conclusively presumed that such disability is attributable to his employment as a member of the Fire Department, and he shall be entitled to all of the benefits provided for in [G.L. 1956 § 45-19-1]. CBA § 24.5.
The statutory section to which the CBA refers is entitled "[s]alary payment during line of duty illness or injury." Section 45-19-1. It provides that in the event a firefighter is "wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or duties," during this period of incapacitation, the town for which he works shall pay to him "the salary or wage and benefits to which [he or she] would be entitled had he or she not been incapacitated." Id.
Appellant contends that § 45-21.2-5(7) authorizes Cranston to include in the CBA, a provision expanding the requirements for accidental disability retirement benefits under § 45-21.2-9. *Page 7 
Appellant asserts that § 24.5 of the CBA classifies heart conditions, including the type from which Appellant suffers, as conditions which are presumed to arise from one's work as a firefighter, and thereby qualifying such individuals for accidental disability retirement benefits.
Appellee disagrees with Appellant's contention, asserting instead that § 45-21.2-5 has no relationship with or effect on eligibility for accidental disability retirement benefits. Instead, Appellee contends that § 45-21.2-5 simply outlines the requirements for a firefighter to retire based on his or her term of service, rather than accidental disability.
When determining the meaning of a statute, this Court must read the statutory language "so as to effectuate the legislative intent behind its enactment," but, where the language is "clear on its face, then the plain meaning of the statute must be given effect." Gilbane Co. v.Poulas, 576 A.2d 1195, 1196 (R.I. 1990) (internal citations omitted). However, when considering the plain and ordinary meaning of the statutory language, the Court "must not construe a statute in a way that would result in absurdities or would defeat the underlying purpose of the enactment." Commercial Union Ins. Co. v. Pelchat, 727 A.2d 676, 681
(R.I. 1999) (internal citations and quotations omitted). InPelchat, the Rhode Island Supreme Court explained that "[i]n particular, `if a mechanical application of a statutory definition produces an absurd result or defeats legislative intent, this Court will look beyond mere semantics and give effect to the purpose of the act.'"Id. Therefore, while this Court is charged with effectuating the legislative intent behind statutes, it may not consider the legislative intent unless the language is unclear, or if the result of applying the language exactly as written is absurd or otherwise inhibits the legislative intent.
In this case, the language of § 45-21.2-9(a) is clear: a firefighter suffering from an "injury sustained while in the performance of duty which physically or mentally incapacitates him [or *Page 8 
her] may apply for accidental disability retirement benefits, "regardless of [the] length of [his or her] service." § 45-21.2-9. However, the injury must not be "the result of willful negligence or misconduct," nor can it be attributed to "age or length of service."Id. Further, the applicant must be younger than sixty-five, and he or she must include with his or her application for accidental disability retirement "an accident report and a physician's report certifying to the disability." Id. The Applicant must further submit to medical examinations by "three physicians engaged by the retirement board," to substantiate his or her assertion that the injury or illness is attributable to a specific incident or injury.
However, the Legislature provided one exception to the strict requirements of § 45-21.2-9: where a firefighter has "occupational cancer" as defined in § 45-21.2-9(e), his or her illness is presumed to be work related, and he or she is entitled to accidental disability retirement benefits. Section 45-21.2-9. Nothing in this section grants Cranston, or any other municipality, the authority to create additional exceptions to the identifiable injury requirement of § 45-21.2-9(a).
Moreover, § 45-21.2-5(7) clearly provides the requirements for retirement based on length of service. Despite the clear language of the statute, Appellant urges this Court to agree that the final portion of that section provides Cranston with the authority to carve additional exceptions to 45-21.2-9 in the CBA. That portion of § 45-21.2-5(7) states "any illness or injury not covered in title 45 of the general laws relating to the presumption of disability is governed by the [CBA] between the City of Cranston and members of the Cranston fire department." Section 45-21.2-5(7). However, nothing in this language indicates a legislative intent to permit further exceptions to the specific incident or injury requirement of § 45-21.2-9. In fact, it does not refer to that particular section at all; instead, because § 45-21.2-5(7) discusses retirement for length of service, such language simply explains how illnesses and injuries other than those covered by the *Page 9 
accidental disability retirement section are to be treated. Simply because the CBA may explain the effect these injuries have on length of service requirements does not permit Cranston to carve exceptions into an entirely separate section.
Moreover, even if § 45-21.2-5(7) did delegate to Cranston the authority to create additional exceptions to the specific incident or injury requirement, examination of the CBA reveals that Cranston did not do so. In fact, § 24.5 of the CBA specifically provides that a firefighter with a heart condition is presumed to suffer the condition as a result of work, entitling him to his salary during his time of disability, pursuant to § 45-19-1. In § 24.5, the CBA specifically mentions its applicability to § 45-19-1; no where in that section is retirement mentioned. Consequently, although this Court concludes the Legislature clearly did not intend to provide Cranston with the power to create additional exceptions to the specific incident or injury requirement for accidental disability benefits, even if the Legislature did provide this authority to Cranston, Cranston did not use it.
The Court also finds that not only is the language of both § 45-21.2-9
and § 45-21.2-5(7) clear, but the result reached by giving each section its plain meaning is not absurd. It is logical that the Legislature would provide Cranston with the authority to address, in the CBA, illnesses and injuries not eligible for accidental disability benefits. It would be more absurd for this Court to conclude that § 45-21.2-5(7) grants Cranston the power to alter § 45-21.2-9, especially since § 45-21.2-9 applies not only to Cranston, but other municipalities as well. Indeed, it would be absurd to permit only Cranston to create an exception to § 45-21.2-9, while denying such a right to all other cities and towns in Rhode Island.
It is clear to this Court that § 45-21.2-5(7) instructs Cranston to address illnesses and injuries not otherwise covered by the accidental disability retirement section. Nothing within the *Page 10 
clear and plain language of § 45-21.2-5(7) suggests that, in addressing these illnesses and injuries, Cranston can re-write portions of § 45-21.2-9. Therefore, this Court is not persuaded by Appellant's argument that the Board erroneously construed or misapplied the law. Appellant's appeal is denied, and the Board's Decision is affirmed.
 B Impermissible Delegation of Legislative Power
The Court requested the parties to consider whether Appellant's suggestion that the Legislature provided Cranston with the power to create additional exceptions to the specific incident or injury requirement would constitute an impermissible delegation of legislative power. Both parties submitted memoranda on this issue. Additionally, this Court heard oral arguments on this issue on August 14, 2008.
In Appellant's memoranda, and during oral argument, Appellant urged the Court to conclude that such delegation of authority is permissible because the term "illness or injury" within § 45-21.2-5(7) can be considered in light of the Legislature's definition of "occupational cancer" within § 45-21.2-9. Specifically, Appellant contends that § 45-21.2-5(7) clearly grants Cranston the authority to create an additional exception to the specific incident or injury requirement of § 45-21.2-9, and that Cranston is guided in so doing by the severity of "occupational cancer." Appellant argues that, as a result, Cranston would not be permitted to include less severe illnesses. Moreover, Appellant avers that the Court has a means of reviewing any additional exceptions Cranston creates, because the Court can measure the severity with the illness or injury against the Legislature's definition of occupational cancer.
Appellee disagrees with Appellant's contention, and maintains that if the Court were to agree with Appellant's interpretation — namely, that Cranston has the authority to create *Page 11 
additional exceptions to § 45-21.2-9 — nothing in the language of § 45-21.2-5(7) would restrict that authority. Moreover, Appellee asserts that even if Cranston went beyond the scope of alleged delegated authority, there is no standard which this Court could apply to make such a determination.
Article IV, Sections 1 and 2 of the Rhode Island State Constitution establish "that the Rhode Island Constitution shall be the supreme law of the state and that the legislative power thereunder shall be vested in the two houses of the Legislature." Davis v. Wood, 427 A.2d 332, 335
(R.I. 1981). Sections 1 and 2 are commonly referred to as the nondelegation doctrine, because these sections exclusively confer upon the Legislature all legislative power. Id. However, the Rhode Island Supreme Court has recognized that the heavy burden of legislation and regulation is too complex for the Legislature alone. Marran v.Baird, 635 A.2d 1174, 1179 (R.I. 1994). As a result, the Court has allowed the Legislature, in limited circumstances, to delegate its legislative power to regulatory agencies and other entities.Id.
However, the Legislature's ability to delegate legislative power to other entities is not absolute. To protect citizens from arbitrary and discriminatory actions by administrative agencies to which legislative authority has been delegated, the Rhode Island Supreme Court has limited the amount of legislative power that may be delegated. Davis,427 A.2d at 335. The Legislature must constrain any delegated authority with standards sufficient to prevent the agency from exercising its authority arbitrarily. These restrictions are meant not only to provide guidance to the agency, but also to provide a framework through which the courts can review the agency's actions. See City of Warwick v. Warwick RegularFireman's Assoc., 106 R.I. 109, 118, 256 A.2d 206, 211 (1969). Accordingly, where legislative authority is delegated without restriction, it must be struck down as unlawful. *Page 12 
The standards provided by the Legislature need not be extensive or exacting. See, e.g., Thompson v. Town of East Greenwich, 512 A.2d 837
(R.I. 1986). In Thompson, the Rhode Island State Legislature delegated to cities and towns the ability to "reasonably" regulate the sale of alcohol. Id. at 842. The Court held that requiring "reasonable" regulations prevented towns from imposing unreasonable or arbitrary regulations, and that it provided courts with a standard to examine the regulations. Id. If a city or town imposed an unreasonable regulation on the sale of alcohol, a court could, without striking down the enabling legislation, strike down the regulation. See id.
Similarly, in Davis v. Wood, the statute in question delegated the regulation of solid waste disposal to local cities and towns to ensure that the disposal was effectuated "in an environmentally sound manner."Davis, 427 A.2d at 336. The Rhode Island Supreme Court held that this delegation of authority was lawful because it provided guidance to cities and towns: the regulation was to protect the environment.Id. Courts could therefore strike down any regulation that did not affect the environmental impact of solid waste, by concluding that the regulation exceeded the legislative grant of authority. Id.
However, where a delegation of legislative authority is truly unrestrained, courts will hold it unconstitutional. For example, inDePetrillo v. Coffey, the Rhode Island Supreme Court struck down a city ordinance that allowed the Cranston Chief of Police to "regulate the parking of vehicles in the parking area at the rear of the Cranston City Hall. . . ." 118 R.I. 519, 521, 376 A.2d 317, 318 (1977). The Court in that case held that the ordinance was an unlawful delegation of power because there were no restrictions on the Police Chief's authority to issue parking permits. Id. at 319-20. Specifically, the enabling legislation did not provide any guidance to the *Page 13 
Police Chief as to who should be given permits, nor did it provide the courts with a way of determining whether the Police Chief's actions were in accordance with the legislation. Id.
In this case, Appellant urges the Court to rule that the last clause of § 45-21.1-5(7) grants the City of Cranston, through the Collective Bargaining Agreement with the Cranston s' Union, the ability to create exemptions to the discrete injury requirement of § 45-21.2-9(d). Even if the court were to adopt Appellant's statutory interpretation, that interpretation would be just the sort of unbridled delegation of power that is prohibited by the Rhode Island Constitution.
Appellant properly argues that the Rhode Island Supreme Court has upheld vague limitations on legislative delegations of authority. This does not, however, mean that this Court may uphold a delegation of legislative authority that does not provide any restrictions whatsoever on the authority delegated. The Rhode Island Supreme Court, while allowing legislative delegation in many cases, has consistently held that the delegation of authority must be subject to at least some standard guiding the regulatory entity.
Just like the Cranston City Ordinance at issue inDePetrillo, the legislation in question in this case, if read as Appellant urges, contains no restrictions on the delegation of legislative power. Under Appellant's reading of the statute, Cranston firefighters could receive accidental disability benefits for any illness or injury, so long as that illness or injury was included in the CBA. Unlike the legislation upheld in Thompson, the provisions of the CBA, under Appellant's interpretation, need not even be reasonable. Appellant incorrectly asserts that under his reading, the CBA could not create an exception to the specific incident or injury requirement for intermittent headaches or runny noses. To the contrary, Appellant's reading would permit the CBA to do exactly that, because the language of Section 45-21.2-5(7) provides no limits to the alleged delegated authority. Under Appellant's reading of the statute, the CBA could entirely *Page 14 
eliminate the specific incident or injury requirement, thereby granting accidental disability benefits to any Cranston firefighter suffering from any illness or injury.
This Court therefore finds that Appellant's reading of the statute would be an unconstitutional delegation of power by the Rhode Island State Legislature under Article IV, Sections 1 and 2 of the Rhode Island State Constitution. Such an unchecked delegation would invite just the sort of arbitrary decision-making that is prohibited under the delegation doctrine. See Davis, 427 A.2d at 335.
 IV Conclusion
After considering the memoranda provided by the parties and the oral arguments heard by this Court, Appellant's appeal is denied. This Court disagrees with Appellant, and finds that the Board did not err by concluding that § 45-21.2-5(7) does not provide Cranston with the authority to amend, through the CBA, § 45-21.2-9. This Court finds that the language of both § 45-21.2-5(7) and § 45-21.2-9 is clear, and, when given its plain meaning, leads to only one simple, logical result: that the Legislature simply gave to Cranston the authority to determine how ordinary retirement might be affected by an illness or injury not eligible for accidental disability benefits. This Court further concludes that even if the Legislature had provided Cranston with the authority to create additional exceptions to the specific incident or injury requirement of § 45-21.2-9, as posited by Appellants, such delegation would have been unconstitutional. Therefore, the Appeal is denied. The parties shall submit an order and judgment in accordance with this Decision.
[1] The Board's Decision, dated June 8, 2007, states that Appellant has sixteen years and 2 months of service. *Page 1