JOHN SORMANTI *et al. vs.* LORENZO DEACUTIS *et al.*
*d.b.a.* LORENZO DEACUTIS & SONS *et al.*

JANUARY 12, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

508

CAPOTOSTO, J.   This case is before us on plaintiffs' motions to dismiss the defendants' bills of exceptions.   After a trial in the superior court a justice thereof sitting without a jury found for the plaintiffs.   Within seven days of such decision defendants duly filed their notice of intention to prosecute bills of exceptions, the trial justice fixing January 25, 1949 as the time for filing the bills and transcript. Through successive extensions, some of which were in reality new fixings, the date for such filing was fixed as May 31, 1950.   On that day the defendants filed bills of exceptions without a transcript.

The jacket entries of the case show that although defendants on several occasions failed to secure an extension of the time fixed for filing the bills of exceptions, yet in each instance on their subsequent application a new time for such filing was fixed by a justice of the superior court. For example, one of the expiration dates was November 15, 1949.   On that day the defendants instead of obtaining an extension of such time filed motions for a "retrial" alleging as grounds therefor that they were unable to obtain a transcript due to the death of the court stenographer and the inability of any other qualified person to transcribe her notes.   While those motions were pending the court on defendants' application fixed February 28, 1950 as the

time for filing the bills of exceptions, which date also was allowed to pass without an extension thereof. On April 17 defendants filed a new or supplementary motion for a retrial in which they set out more fully the same grounds alleged in their original motions for the same relief. The motion was denied on April 21. Thereafter, on April 28, the court on another application by the defendants fixed the time for filing the bills as May 31, on which day the present bills of exceptions were allowed and filed without a transcript.

Plaintiffs contend that defendants' bills of exceptions should be dismissed, first, because the defendants repeatedly failed to secure an extension of the time fixed for filing the bills in accordance with the provisions of the statute and the uniform decisions of this court; and secondly, that in any event they abandoned the right further to prosecute the bills when on November 15, 1949 and again on April 17, 1950 they filed motions for a retrial.

The privilege of review by bill of exceptions is given by statute, general laws 1938, chapter 542, and is contingent upon a strict compliance with the conditions imposed. *Hartley* v. *Rhode Island Co.*, 28 R. I. 157. See *T. W. Lind Co.* v. *Nu-Fastener Co.*, 43 R. I. 31, 32. Prior to 1921 the failure of an aggrieved party to secure an extension of the time fixed for filing a bill of exceptions was fatal. *Jackvony* v. *Colaluca*, 29 R. I. 441; *Allen & Reed, Inc.* v. *Russell*, 33 R. I. 422. In that year the statute was amended to its present form and paragraph second of §5, chap. 542, now reads: "Within such time as the court shall fix, whether by original fixing of the time, or by extension thereof, or by a new fixing after any expiration thereof, he [the aggrieved party] shall file in the office of the clerk of the superior court his bill of exceptions * * *." The clear purpose of the amendment was not to make an aggrieved party less diligent in securing an extension of the time for filing a bill of exceptions in accordance with well-settled law, but to give the court power to exercise

in the interests of justice a sound judicial discretion to grant in unusual circumstances "a new fixing" for the filing of a bill after the time already fixed had expired. Except in instances within the intent of the amendment our firmly established practice with reference to the extension of the time for filing a bill of exceptions remains in full force and effect.

In the instant case the death of the court stenographer and the inability of any other qualified person to transcribe her notes created an unusual situation which undoubtedly moved the court to fix a new time for filing the bills in order that the defendants might not suffer undue prejudice. Except for that fact, in the ordinary case defendants' repeated failure to obtain an extension of the time fixed would clearly be inconsistent with our settled practice and disruptive of orderly procedure. However, viewing the extraordinary situation disclosed by the present record as a whole, it is our judgment that defendants' bills of exceptions now pending in this court were properly filed in accordance with the new fixing of time finally set by the superior court. *Flora* v. *Flora*, 64 R. I. 109.

The remaining question is whether, as plaintiffs contend, defendants abandoned further prosecution of their bills of exceptions by filing the motions for a retrial hereinbefore mentioned. General laws 1938, chap. 542, §§1, 3, provides that in any action heard on its merits by the superior court without a jury, any party entitled to except may within seven days after notice of decision file a motion for a new trial for newly discovered evidence. No such motion was filed by these defendants within the prescribed time. The first motion for a retrial was filed over eleven months after the decision and the second some five months thereafter. Furthermore, neither motion was based on the ground of newly discovered evidence, which is the only ground under the statute upon which the superior court may entertain such a motion in a case heard on its merits without a jury. *Sheltra* v. *O'Rourke*, 51 R. I. 317. In the

circumstances defendants' motions for a retrial were without force and effect, or, as this court said in *Thrift* v. *Thrift*, 30 R. I. 456, at page 458, they "are a mere nullity." Since the motions for a retrial had no validity and the bills of exceptions to the decision were filed within the time fixed by the court under the statute, plaintiffs'· aforementioned claim of abandonment and their motions to dismiss the bills are untenable.

Defendants' failure to file a transcript with the bills of exceptions does not necessarily deprive them of the right to prosecute the bills if the errors of law complained of sufficiently appear of record. See *Bannon* v. *Bannon*, 44 R. I. 468. As a matter of fact, at the hearing on the present motions to dismiss, defendants disclaimed the need of a transcript properly to determine the merits of the case. In the absence of a transcript and in view of such disclaimer, the merit of any exception hereinafter urged by them under the instant bills of exceptions will be confined strictly to matters appearing in the record as it now stands.

The plaintiffs' motions to dismiss the defendants' bills of exceptions are denied.

*Sherwood & Clifford,* for plaintiffs.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant Massachusetts Bonding & Insurance Company.