**731 AIRPORT ASSOCIATES, LP et al.**

v.

**H & M REALTY ASSOCIATES, LLC by and through its Member, Donald N. LEEF.**

No. 2001–83–Appeal.

Supreme Court of Rhode Island.

June 18, 2002.

Robert D. Wieck/Denean M. Russo, Providence, for Plaintiff.

Rajaram Suryanarayan, Providence, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on May 8, 2002, pursuant to an order directing all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal at this time.

### Facts and Travel

The plaintiff, 731 Airport Associates, LP, and 747 Airport Associates, LP, through their general partner, Jason's Realty Corp. (collectively referred to as plaintiff or buyer), filed an action against the defendant, H & M Realty Associates, LLC by and through its Member, Donald N. Leef (defendant or seller), asserting a claim for specific performance and breach of contract arising from an aborted sale of property owned by seller and located on Airport Road and Roseland Avenue (property) in the City of Warwick. This dispute arose from negotiations between the parties that commenced in March 2000 and terminated several months later by the sale of the property to a third party. In May 2000, buyer submitted an offer to purchase the property for $1,060,000 and defendant, through Donald N. Leef, submitted a counteroffer of $1,100,000, both of which were rejected. The trial justice found that further negotiations between the parties resulted in an oral agreement to sell the property. However, this agreement was not confirmed by a writing sufficient to bind the parties. The defendant's counsel, Nadeau & Simmons (Nadeau), through attorney James L. Truslow (Truslow), undertook the preparation of a complex purchase and sale agreement that underwent several amendments, culminating in two duplicate originals of a "final agreement" in October 2000. Although characterized as final, buyer has conceded further changes were necessary. The agreement was forwarded to buyer by Truslow and included instructions for buyer to sign and return the documents at plaintiff's earliest convenience. However, the cover letter did not contain reservation language declaring that the agreement was subject to approval by seller, a limitation that had been included in the previous drafts. At some point between October 6 and October 10, 2000, buyer submitted a check to Nadeau in the amount of $5,000 that was accepted by seller, but was neither deposited nor cashed. On October 13,

2000, buyer appeared at Nadeau's offices ready and willing to close the transaction, but seller refused to sign any of the transactional documents claiming that he was not bound to perform and, in the event that a better offer was made, he intended to accept the higher offer. Negotiations continued between buyer and seller through October, although the deposit check in the amount of $5,000 was returned to buyer on October 20, 2000. The seller entered into a purchase and sale agreement with the Rhode Island Airport Corporation for the sale price of $1,100,000 on November 29, 2000.

On November 8, 2000, buyer commenced this action for specific performance and recorded a notice of *lis pendens* in the land evidence records of the City of Warwick. The seller filed a motion to quash the *lis pendens* and asserted a counterclaim for slander of title. At the conclusion of the plaintiff's case in a nonjury trial, the trial justice granted seller's motion to dismiss pursuant to Rule 52 of the Superior Court Rules of Civil Procedure. The judgment and order quashing the *lis pendens* was entered in the Superior Court on January 18, 2001. The buyer appealed and declared in the notice of appeal that a copy of the transcript would be ordered. However, an amended notice of appeal indicating that the transcript would not be ordered subsequently was filed.

On appeal, buyer assigns as error the findings of the trial justice that no binding contract existed between the parties and that Truslow lacked apparent authority to contract on behalf of seller. The seller maintains that the trial justice did not err and further argues that buyer's failure to comply with the Supreme Court Rules of Appellate Procedure by failing to provide the trial transcript is fatal to buyer's appeal.

## Failure to Order Transcript

The seller argues that plaintiff's failure to order the trial transcript precludes a meaningful review of the testimony upon which the trial justice based her decision. The plaintiff maintains that it was not required to provide a transcript because this appeal is limited to questions of law. The plaintiff has indicated in its filings with this Court that buyer "is not challenging the trial court's discretionary factual findings." Rather, this appeal is limited to "the trial court's application of the pertinent law to those facts." The defendant suggests that in the absence of a transcript it is impossible for this Court to determine whether the trial justice overlooked or misconceived the evidence or whether she applied the correct rule of law to the facts as she found them.

The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business. Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail. *DePetrillo v. Coffey,* 118 R.I. 519, 521 n. 1, 376 A.2d 317, 318 n. 1 (1977) (citing *Sormanti v. Deacutis,* 77 R.I. 507, 511, 77 A.2d 919, 922 (1951)). In this case, the trial justice found that no enforceable contract existed between the parties and that Truslow did not have apparent authority to bind the seller to a transaction with plaintiff. She also found that the parties specifically waived executing a letter of intent that included the terms of the sale. Although several draft agreements containing the essential terms of the sale were prepared, the trial justice concluded that seller intended only to be bound by an executed purchase and sales agreement and never agreed to the transaction in writing. On appeal, buyer challenges

these conclusions and alleges the trial justice misapplied the law to the facts as she found them. The bench decision in this case is detailed and lengthy and encompasses twenty-five transcript pages. In light of plaintiff's representation that it accepts the findings of fact by the trial justice, we are satisfied that the appeal may go forward.

## Apparent Authority

■ The buyer argues that Truslow possessed the apparent authority to bind the seller to a contract that buyer claims existed between the parties. Apparent authority to contract on behalf of a principal "arises from the principal's manifestation of such authority to the [third party]." *Menard & Co. Masonry Building Contractors v. Marshall Building Systems, Inc.*, 539 A.2d 523, 526 (R.I.1988). Such apparent authority can come from "indicia of authority given by the principal to the agent" and does not have to be direct communication to the third person. *Id.* Additionally, the third party with whom the agent is dealing must "believe that the agent has the authority to bind its principal to the contract." *Id.* We are satisfied that based upon the findings of the trial justice, seller did not vest his attorney with apparent authority sufficient to bind him to an agreement that seller never signed. The trial justice specifically noted that buyer and seller were represented by experienced and sophisticated businessmen who were continually engaged in negotiations relative to the sale of this parcel, notwithstanding the oral agreement, and, further, that the parties specifically waived the execution of a letter of intent. Additionally, from the language of Truslow's cover letters to buyer, the trial justice found that the agreement was subject to seller's approval. The plaintiff has failed to demonstrate that buyer's subjective belief that Truslow was vested with authority to bind his client to the purchase and sales agreement was reasonable. The trial justice found that Truslow's role was merely to draft the agreement and not to engage in negotiations with the parties. Further, the fact that buyer's representative directly communicated to seller by e-mail and engaged in further negotiations after the so-called final agreement was delivered to buyer demonstrates, as the trial justice found, that seller's approval was necessary for execution of the agreement. Accordingly, we are satisfied that the trial justice did not err in concluding that Truslow lacked apparent authority to bind the seller and that seller did not intend to be bound absent an executed contract.

## Statute of Frauds

■ The plaintiff submits to this Court that the trial justice erred when she found that no enforceable agreement existed between the parties and that writings prepared by defendant and defendant's counsel did not satisfy the statute of frauds. The plaintiff alleges that defendant's oral agreement to the essential terms of the transaction followed by communications from defendant's attorney and defendant's own e-mail transmission to a representative of plaintiff satisfies the statute of frauds.

General Laws 1956 § 9-1-4, Rhode Island's statute of frauds, provides in relevant part:

"No action shall be brought:

(1) Whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year;

\* \* \*

(6) \* \* \* unless the promise or agreement upon which the action shall be brought, or some note or memo-

randum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him or her thereunto lawfully authorized."

▮ The buyer argues that the duplicate originals of the so-called "final agreement" forwarded to plaintiff from Truslow and the cover letters that accompanied Truslow's communications signify the seller's intent to be bound by the agreement. The trial justice found that no writing from Truslow suggested that seller agreed to the terms of the sale or intended to be bound absent seller's signature. She further found that the amendments to the draft agreements, although relatively minor, "reveal the complexity of the transaction and explain why the terms needed to be reduced to writing." A contract exists sufficient to satisfy the statute of frauds "when each party has manifested an objective intent to promise or be bound." *UXB Sand & Gravel, Inc. v. Rosenfeld Concrete Corp.*, 641 A.2d 75, 79 (R.I.1994). Significantly, the trial justice concluded that buyer did not forward an executed agreement to Truslow, that the purchase and sales agreement was not signed by either party, that a deposit of $5,000 was delivered to seller but never deposited, that no closing date was ever agreed upon by the parties and certain items that would have been required before the closing never were provided to buyer. Accordingly, the trial justice concluded that the parties reached a preliminary oral agreement but that certain terms remained disputed and the agreement was not memorialized by a writing sufficient to overcome the statute of frauds. We discern no error in this holding.

▮ It is well settled that a contract for the sale of land need not be in writing to satisfy the statute of frauds as long as there is a memorandum that contains "the substance of the contract or agreement," but need not include all of the particulars. *Greensleeves, Inc. v. Smiley*, 694 A.2d 714, 716 (R.I.1997) (quoting *Durepo v. May*, 73 R.I. 71, 76, 54 A.2d 15, 18–19 (1947)). The trial justice found that seller never agreed to the terms of the contract and, in fact, refused to do so apparently aware that "a third party might offer him a more attractive deal." Thus, accepting these findings as true, as we must, we are satisfied that this transaction remained in the negotiation stage. Accordingly, we conclude that the trial justice did not err in finding that there was no meeting of the minds in this case and that plaintiff failed to prove that seller manifested an objective intent to be bound in the absence of an executed written agreement.

Finally, the plaintiff alleges that an e-mail message from seller to buyer's representative, apparently in response to further negotiations by the parties in which seller declares that buyer is "changing the deal your dad and I had * * *," does not amount to a writing sufficient to satisfy the statute of frauds. Indeed, the trial justice determined that this e-mail was evidence that the parties did not have a binding agreement, but rather a transaction "that evolved and evolved and changed and changed, and was never finalized * * *." We agree with this finding and discern no error on the part of the trial justice in reaching this conclusion.

## Conclusion

For the reasons stated herein, the buyer's appeal is denied and dismissed and the Superior Court's judgment is affirmed. The papers in this case may be remanded to the Superior Court.