**Donna M. FRUSTERE et al.**

v.

**Richard A. FRUSTERE.**

**No. 2010–18–APPEAL.**

Supreme Court of Rhode Island.

March 22, 2011.

Matthew L. Lewiss.

Robert L. Lombardo.

### ORDER

The defendant Richard A. Frustere appeals from Superior Court orders that (1) denied his motion to stay the disbursement of proceeds derived from the partition and sale of real property owned in tenancy in common by the defendant and his siblings, the plaintiffs, Donna M. Frustere and Michael A. Frustere, and (2), granted the plaintiffs' motion to dismiss the defendant's appeal to the Supreme Court. On March 1, 2011, the parties appeared before this Court to show cause why the issues raised by this appeal should not be decided without further briefing and argument. Having found no such cause, we decide the matter at this time, and we affirm the order and judgment of the Superior Court.

The relevant travel of this procedurally tortured case is as follows. On January 3, 2007, a complaint for partition of real estate, situated at Pleasant Street in Westerly, Rhode Island, was filed in the Superior Court by plaintiffs, Donna Frustere and Michael Frustere, against their brother, Richard Frustere. At the time the action was filed, each of the three siblings held a one-third interest in the property as tenants in common. By a signed stipulation, also signed by a justice of the Superior Court, dated July 26, 2007, the parties agreed that (1) an appraisal process would be undertaken to determine a sale price to be paid to plaintiffs by defendant for their interests in the property, (2) an additional party would be added as a defendant to the action, and (3), the matter would be continued for a status conference.

However, on December 10, 2007, the parties appeared before a hearing justice of the Superior Court, at which time the hearing justice apparently concluded that defendant was not prepared to purchase the property. She then ruled that "[plaintiffs are] to buy off [defendant's] interest in the Real Estate. Order to enter." That order, which was entered on December 14, 2007, provided in pertinent part, "[t]hat Partition is made by awarding title to said real estate to the Plaintiffs upon payment to the Defendant in the sum of $96,000.00, which figure represents 1/3 of the average of the two appraisals completed pursuant to prior Order of this Court."

On January 14, 2008, defendant filed a notice of appeal of the Superior Court's order of December 14, 2007. The plaintiffs, on March 8, 2008, filed a motion to dismiss defendant's appeal "for the reason that said appeal was docketed on January 14, 2008 which is more than twenty (20) days after the judgment of this Court * * *." [1]

The parties appeared before the Superior Court on June 20, 2008, to be heard on several motions. The trial court listed the various pending matters before it as a "Motion for entry of Final Judgment of Partition, Motion for Award of Attorney's Fees of Plaintiffs' Attorney and Defendant's Objection thereto, Plaintiffs' Motion to Dismiss Defendant's Appeal, [and] Defendant's Motion to Vacate Orders * * *." After the hearing, the Superior Court issued a final judgment that, *inter alia,* granted plaintiffs' motion to dismiss defendant's appeal, and denied and dismissed all defendant's motions.

On July 9, 2008, defendant filed a second notice of appeal, this time pertaining to the final judgment and all orders entered after July 26, 2007. The defendant also filed a motion for a stay of the proceedings pending the outcome of the appeal; plaintiffs filed a motion to dismiss defendant's appeal to the Supreme Court. More than thirteen months later, the motions were heard by a justice of the Superior Court on September 11, 2009. Neither defendant nor his attorney appeared for that hearing. As a result, defendant's motion for a stay of proceedings was denied, and plaintiffs' motion to dismiss defendant's second appeal was granted because the appeal had not been perfected in accordance with Article I, Rules 10 and 11 of the Supreme Court Rules of Appellate Procedure. The hearing justice issued an order to that effect on September 14, 2009.

The defendant, on October 2, 2009, filed a third notice of appeal to this Supreme Court, this time identifying the order of

---

1. An appeal is "docketed" in this Court upon transfer of the record from the Superior Court. Based on the record before us, we are certain that when counsel used that term in his motion to dismiss, he was referring only to the filing of the notice of appeal.

September 14, 2009, as the subject of the appeal.

Our review of the record reveals that the notice of appeal from the order of December 14, 2007, was not timely filed pursuant to Article I, Rule 4 of the Supreme Court Rules of Appellate Procedure. Further, we note that our review has been encumbered considerably because we have not been provided with transcripts that would supply the details of the underlying proceedings. *See Holden v. Salvadore*, 964 A.2d 508, 513 (R.I.2009) ("The decision to pursue an appeal without ordering the full transcript of the Superior Court proceeding is 'risky business.'") (quoting *731 Airport Associates, LP v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I.2002)).

After hearing the arguments of counsel, reviewing the memoranda submitted on behalf of the parties, and carefully examining the record, we can discern no error by the trial justice. For the reasons set forth in this order, we affirm the Superior Court and remand the record to that tribunal.

Justice ROBINSON did not participate.