**Supreme Court**
No. 2024-59-Appeal.

| Clarimundo DaSilva | : |
| :--- | :--- |
| v. | : |
| Christopher Smith et al. | : |

## O R D E R

The plaintiff, Clarimundo DaSilva, who is not represented by counsel, appeals from Superior Court judgments in favor of the defendants, the Honorable Christopher Smith (Judge Smith[1]) and Richard W. Miller, M.D. (Dr. Miller), following the grant of the defendants' motions to dismiss. This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgments of the Superior Court.

---

[1] The Honorable Christopher Smith is now an Associate Justice of the Superior Court. We mean no disrespect when we refer to him as "Judge Smith."

- 1 -

On April 21, 2023, plaintiff commenced this action, contending that then-District Court Judge Smith and Dr. Miller committed various offenses and violated plaintiff's constitutional rights in the wake of a determination that plaintiff was incompetent to stand trial and involuntarily committed to Eleanor Slater Hospital for treatment.[2] The plaintiff appeared to take issue with a January 2021 order in which Judge Smith found plaintiff not competent to make certain decisions about medical treatment based upon the recommendation of Dr. Miller. The plaintiff was eventually released from the hospital after his competency was restored. The plaintiff seeks sixty million dollars in damages. In the Superior Court, both Judge Smith and Dr. Miller sought dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure based on Rule 8(a) and judicial immunity.

On October 31, 2023, the Superior Court granted both motions to dismiss with prejudice and entered separate judgments in favor of each defendant. The plaintiff appealed those judgments on the same day. Both defendants separately moved to dismiss plaintiff's appeal. The Superior Court, however, denied each of these motions, and the matter proceeded before this Court.

---

[2] The complaint alleged that plaintiff was held against his will for eight months and that plaintiff was discriminated against based on his race; it also contained other generalized claims of misconduct.

Critically, plaintiff has failed to provide this Court with a transcript of the hearing on defendants' motions to dismiss. Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure provides, in part, that "[p]romptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) or (c) and shall take any other action necessary to enable the clerk to assemble and transmit the record." Rule 11(a) of Article I of the Supreme Court Rules. The plaintiff, as the appellant, must "ensure that the record is complete and ready for transmission." *Small Business Loan Fund Corporation v. Gallant*, 795 A.2d 531, 532 (R.I. 2002) (quoting *Procopio v. PRM Concrete Corporation*, 711 A.2d 650, 651 (R.I. 1998) (mem.)). In the absence of a transcript, this Court cannot determine how the trial justice came to a decision or, in turn, whether the trial justice erred in coming to that decision. *See 731 Airport Associates, LP v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I. 2002) ("The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business."). That is true in the case at bar; we are unable to evaluate the merits of plaintiff's claims, particularly because any error alleged to have been committed by the lower court is not apparent from either plaintiff's papers or his oral argument. The Court has "no alternative but to deny the appeal and uphold the trial justice's findings." *Palange v. Palange*, 243 A.3d 783, 784 (R.I. 2021) (mem.) (quoting *Calise v. Curtin*, 900 A.2d 1164, 1169 (R.I. 2006)). Consequently, we do so here.

Therefore, for the reasons stated herein, we affirm the judgments of the Superior Court.  The record shall be returned to the Superior Court.


Entered as an Order of this Court this 29th day of November, 2024.

By Order,


_____
/s/ Meredith A. Benoit, Clerk

Clerk



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Clarimundo DaSilva v. Christopher Smith et al. | |
| **Case Number** | No. 2024-59-Appeal.<br>(PM 23-1866) | |
| **Date Order Filed** | November 29, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Joseph McBurney | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Clarimundo DaSilva, *pro se* | |
| | For Defendants:<br><br>Christine A. Stowell, Esq.<br>Patrick Reynolds, Department of Attorney General | |